IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| SANDRA L. DI TOMMASO, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. _____ | |
| § | **JURY** | |
| STATE FARM LLOYDS and § | | |
| DAVID BIRDWELL, § | | |
| § | | |
| Defendants. § | | |

**DEFENDANTS STATE FARM LLOYDS AND
DAVID BIRDWELL'S NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that Defendants STATE FARM LLOYDS ("Defendant SFL") and DAVID BIRDWELL ("Defendant Birdwell") (also collectively referred to as "Defendants") file this Notice of Removal pursuant to 28 U.S.C. § 1446(a), and would show as follows:

**I.   PROCEDURAL BACKGROUND**

1.   On or about March 28, 2014, Plaintiff SANDRA L. DI TOMMASO (hereinafter "Plaintiff") filed her Original Petition and Request for Disclosure ("the Petition") in Cause No. C-2742-14-D in the 206th Judicial District Court of Hidalgo County, Texas, initiating a civil cause of action against Defendants.  See Exhibit A.[1]

2.   Although Plaintiff alleges multiple claims and causes of action against Defendants SFL and Birdwell related to Defendants' handling of an insurance claim submitted by Plaintiff, Plaintiff now admits that Birdwell had nothing to do with her claim.  Plaintiff specifically alleges breach of contract, violation of the Texas Deceptive Trade Practices Act, non-compliance with Sections 541 and 542 of the Texas Insurance Code, breach of duty of good faith and fair dealing and

---

[1] The Petition also included Arthur Juarez and Rene and Mari Gutierrez as co-Plaintiffs, and Thomas Breslin and Truman Dale Crews as co-Defendants.  Those claims were settled, and co-Plaintiffs Juarez and Gutierrez subsequently dismissed their claims against SFL, Thomas Breslin and Truman Dale Crews.

DEFENDANTS' NOTICE OF REMOVAL                                                                                                   Page 1

fraud.  Plaintiff further alleges that Defendants' conduct was committed "knowingly" and/or "intentionally."  But, Plaintiff's recent admissions to the contrary establish that Defendant Birdwell is an improperly joined party, which now makes this case removable.

3. Defendant SFL received the Citation and the Petition on or about April 15, 2014, which was mailed via certified mail on April 10, 2014.  See Exhibit B.  Defendant Birdwell received the Citation and the Petition on or about April 15, 2014, which was mailed via certified mail on April 10, 2014.  See Exhibit C.

4. Defendants filed their Original Answers on May 5, 2014 (see Exhibits D and E) and filed Special Exceptions to the Petition on July 29, 2014.  See Exhibit F.

5. Defendant SFL now files the instant Notice of Removal based on the grounds asserted herein because diversity exists between the proper parties and the amount in controversy exceeds $75,000.  Promptly after filing this Notice of Removal, Defendant SFL is also filing a Notice of Removal of Civil Action with the State Court in which this case was previously pending.

## II.   GROUNDS FOR REMOVAL

6. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a) because the proper parties to this suit are citizens of different states, and the matter in controversy exceeds $75,000.00, exclusive of interest and costs.  Furthermore, removal is proper because Plaintiff has now served admissions demonstrating that the allegations asserted against Defendant Birdwell are untrue.

7. At the time this action was commenced, Plaintiff was, and still is, a resident of Texas.  Pursuant to the Texas Administrative Code, proof of domicile is a requirement for application for a Texas driver's license.  TEX. ADMIN. CODE, TITLE 37 § 15.49.  Additionally, the Texas Administrative Code requires a driver's license applicant to provide a Texas residence address.  *Id.*

at § 15.25. The Fifth Circuit has stated that "the place of residence is prima facie the domicile." *See Stine v. Moore,* 213 F.2d 446, 448 (5th Cir. 1954). Additionally, "[f]or purposes of federal diversity jurisdiction 'citizenship' and 'domicile' are synonymous." *See Hendry v. Masonite Corp.,* 455 F.2d 955, 955 (5th Cir. 1972). Plaintiff in the instant case has a Texas driver's license containing a local, Texas address and thus, for purposes of diversity of citizenship, Plaintiff is considered a Texas citizen.

8. Defendant SFL was, at the time this action was commenced, and still is a citizen of a state other than Texas. Defendant SFL is a "Lloyds Plan" organized under Chapter 941 of the Texas Insurance Code. It consists of an unincorporated association of underwriters who were at the time this action was commenced, and still are, all citizens of a state other than Texas for diversity purposes. See *Royal Ins. Co. of Am. V. Quinn-L Capital Corp.*, 3 F.3d 877, 882-83 (5th Cir. 1993) (citizenship of unincorporated association determined by citizenship of members). Therefore, complete diversity of citizenship exists between Plaintiff and Defendant SFL.

9. Defendant Birdwell was, at the time the action was commenced, and still is a resident and citizen of Texas. However, Defendant SFL contends Plaintiff improperly joined Birdwell because Plaintiff has now admitted that Birdwell had nothing to do with her claim. For this reason, the citizenship of Defendant Birdwell should not be considered in determining whether this Court has jurisdiction under 28 U.S.C. § 1332. The citizenship of improperly joined defendants is not to be considered in determining whether complete diversity exists. *Salazar v. Allstate Texas Lloyd's, Inc.*, 455 F.3d 571, 574 (5th Cir. 2006); *Smallwood v. Illinois Cent. RR. Co.*, 385 F.3d 568, 573 (5th Cir. 2003).

10. Plaintiff has expressly alleged damages in excess of $200,000 through her DTPA Settlement Demand, satisfying the "amount in controversy" requirement of 28 U.S.C. § 1332(a). To

determine the amount in controversy, in addition to policy limits and potential attorneys' fees, items to be considered in ascertaining the amount in controversy when the insurer could be liable for those sums under state law are *inter alia* penalties, statutory damages, and punitive damages—not just interest or costs. *See St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see also Foret v. Southern Farm Bureau Life Ins. Co.,* 918 F.2d 534, 536 (5th Cir.1990) ("[A]ttorney's fees may be included in determining the jurisdictional amount."); *Allstate Ins. Co. v. Hilbun*, 692 F. Supp. 698, 700 (S.D. Miss.1988) ("Punitive damages can be included to reach the amount in controversy requirement if, under the governing law of the suit, they are recoverable.") (*citing Bell v. Preferred Life Assurance Soc'y,* 320 U.S. 238, 64 S.Ct. 5, 88 L.Ed. 15 (1943)). Taking into account the demand letter submitted by Plaintiff which demands $230,000, including requests for treble damages under the DTPA, the amount in controversy for Plaintiff's claims exceeds the jurisdictional $75,000.00 amount. Therefore, this action may be removed by Defendant SFL pursuant to 28 U.S.C. § 1441(b).

### III.     DEFENDANT DAVID BIRDWELL IS IMPROPERLY JOINED

11.     Plaintiff has sued an individual who Plaintiff has now admitted she has never met or spoken with and who she admits has never made a representation to her.  In essence, Plaintiff has now admitted through responses to requests for admissions that Defendant Birdwell did not engage in any of the conduct that forms the basis of Plaintiff's allegations against him.  Consequently, joinder of David Birdwell is improper and Plaintiff's claims against Defendant Birdwell should be dismissed.

12.     The factual allegations in the Petition concerning Defendant Birdwell have been proven to be false by Plaintiff's own admissions.  For example: With regard to Defendant Birdwell,

Plaintiff has alleged allegations specifically against Birdwell including, by way of example, the following:

- "DAVID BIRDWELL made false representations about PLAINTIFF'S SANDRA DI TOMMASO, rights, remedies and obligations under the policy at issue."[2]

- "DAVID BIRDWELL took advantage of PLAINTIFF'S, SANDRA DI TOMMASO, lack of knowledge in construction and insurance claims processes, misrepresented losses covered under the insurance policy, and failed to disclose pertinent information regarding damages to PLAINTIFF'S SANDRA DI TOMMASO, property."[3]

- "DAVID BIRDWELL inspected PLAINTIFF'S, SANDRA DO TOMMASO, property but failed to inform PLAINTIFF, SANDRA DI TOMMASO, of material facts such as the true scope of damage and cost to repair to areas of PLAINTIFF'S, SANDRA DI TOMMASO, property. . . DAVID BIRDWELL failed to properly process claims and has misrepresented material facts to PLAINTIFF, SANDRA DI TOMMASO."[4]

- "DAVID BIRDWELL made untrue statement (*sic*) of material facts as to the extent of PLAINTIFF'S SANDRA DI TOMMASO, damages."[5]

- "DAVID BIRDWELL in addition made untrue statements of material facts as to the windstorm, hailstorm, and water coverage provisions of PLAINTIFF'S, SANDRA DI TOMMASO, insurance policy and how it applied to their (*sic*) claims."

- "DAVID BIRDWELL made statements in a manner that would mislead a reasonably prudent person to a false conclusion of material fact."[6]

- "[He] fail[ed] to respond promptly to a request by claimant for personal contact about or review of the claim."[7]

13.   Despite these specific allegations, Plaintiff has now served responses to requests for admissions that prove that the allegations identified above are untrue.  Specifically, Plaintiff unequivocally admitted the following:

REQUEST FOR ADMISSION NO. 22

Admit that you have never spoken to David Birdwell.

---

[2] *See* Exhibit A, at section XII(a).
[3] *Id.* at section XII.
[4] *Id.*
[5] *Id.*
[6] *Id.*
[7] *Id.*

RESPONSE: Admit

REQUEST FOR ADMISSION NO. 23

Admit that David Birdwell has never made any representation to you.

RESPONSE: Admit

REQUEST FOR ADMISSION NO. 25

Admit that you have never met David Birdwell.

RESPONSE: Admit

14. Plaintiff's allegations against Defendant Birdwell are premised on Defendant Birdwell's purported involvement in the alleged improper investigation and communications with Plaintiff relating to her insurance claim. However, Plaintiff now admits that she has never met Birdwell, she has never spoken to Birdwell, and he has not made any representations to her, thus proving that her allegations against Birdwell are untrue and unfounded.

15. Defendants recognize that they bear a heavy burden of showing there is no reasonable basis for this Court to predict that Plaintiff might be able to recover against Defendant Birdwell. However, "whether the plaintiff has stated a valid state law cause of action depends upon and is tied to the factual fit between the plaintiffs' allegations and the pleaded theory of recovery." *Griggs v. State Farm Lloyds*, 181 F. 3rd 694, 701 (5th Cir. 1999).

16. Texas courts, in limited circumstances, have permitted actions against insurance representatives in their individual capacities under both the Insurance Code and the DTPA. *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 282 (5th Cir. 2007); *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482 (Tex. 1998). However such liability is not automatic, and is certainly not available against an individual who did not adjust the claim or speak with the Plaintiff at all. The Fifth Circuit has held that the plaintiff must demonstrate that the representative,

as an individual, committed the Texas Insurance Code violation that caused the harm. *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 544-45 (5th Cir. 2004).

17. Now, as admitted by Plaintiff, it is clear that Defendant David Birdwell was not engaged in any of the activities or conduct Plaintiff alleges in her Petition.

18. Based on Plaintiff's responses to Requests for Admissions, Plaintiff has no cognizable claim against Defendant Birdwell under any of the theories asserted. Plaintiff's alleged specific actions on the part of Defendant Birdwell have now been admitted by Plaintiff to be untrue, and Plaintiff has not articulated any specific conduct from which liability could possibly arise. Therefore, Plaintiff's claims against Defendant Birdwell cannot stand and should be dismissed.

## IV.    VENUE

19. Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action was pending, Texas State District Courts of Hidalgo County, Texas, and a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in that district.

## V.    PROCEDURAL REQUIREMENTS

20. Pursuant to 28 U.S.C. § 1446(a) and the Southern District of Texas Local Rule LR81, the following exhibits are attached and indexed:

> Exhibit A:   A copy of Plaintiffs' Original Petition and Request for Disclosure filed on March 28, 2014;
>
> Exhibit B:   A copy of the Citation and executed process for Defendant State Farm Lloyds;
>
> Exhibit C:   A copy of the Citation and executed process for Defendant David Birdwell;
>
> Exhibit D:   A copy of Defendant SFL's Original Answer filed on May 5, 2014;
>
> Exhibit E:   A copy of Defendant Birdwell's Original Answer filed on May 5, 2014;

   Exhibit F: A copy of Defendants' Special Exceptions to Plaintiff's Original Petition and Objection to Request for Disclosure filed on July 29, 2014;

   Exhibit G: A copy of the state court docket sheet ("Case Summary");

   Exhibit H: An index of all documents being filed; and

   Exhibit I: A list of all counsel of record.

21. This Notice of Removal is being filed by Defendant SFL within thirty (30) days of receipt of SANDRA L. DI TOMMASO'S RESPONSE TO DEFENDANTS' FIRST REQUEST FOR ADMISSIONS, which qualifies as "other paper" demonstrating that the case has become removable and is thus timely filed under 28 U.S.C. § 1446(b).  *See Health Care Service Corp. v. TAP Pharmaceutical Products, Inc.*, 274 F. Supp. 2d 807 (E.D. Tex. 2003).  Moreover, pursuant to the Federal Courts Jurisdiction and Venue Clarification Act of 2011, the exception to the one-year time limit to file a notice of removal applies to this case because Defendants contend that Plaintiff has acted in bad faith to prevent Defendants from removing the suit by suing a Texas resident.  Additionally, Defendants contend that the conduct of Plaintiff supports application of an equitable exception to the one-year time limit in 28 U.S.C. § 1446(b) and effectively estops Plaintiff from remanding the case on the basis of the one-year time limit.  There exists an actual and justifiable controversy between Plaintiff and Defendant SFL with regard to the legal issues herein and this controversy is within the jurisdiction of this Court.

22. Defendants David Birdwell and SFL join and consent in this removal.

23. Pursuant to 28 U.S.C. § 1446(a), all pleadings, process, orders and all other filings in the state court action are attached to this Notice.

24. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same.

25.     Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of the Notice of Removal will be filed with the District Clerk for the 206th Judicial District of Hidalgo County, Texas promptly after filing of same.

## VI.     CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendants STATE FARM LLOYDS and DAVID BIRDWELL respectfully request that the above-captioned action now pending in the 206th Judicial District Court of Hidalgo County, Texas be removed to the United States District Court for the Southern District of Texas, McAllen Division.

Respectfully Submitted,

*/s/ Michael Klein*
Michael Klein
State Bar No. 11563200
S.D. Bar No. 5318
Lisa Magids
State Bar No. 24002600
S.D. Bar No. 22023
SEDGWICK LLP
919 Congress Ave., Suite 1250
Austin, TX  78701
(512) 481-8469
(512) 481-8444 - facsimile
michael.klein@sedgwicklaw.com
lisa.magids@sedgwicklaw.com

**ATTORNEYS FOR DEFENDANTS
STATE FARM LLOYDS and
DAVID BIRDWELL**

## **CERTIFICATE OF SERVICE**

This is to certify that on June 19, 2015, I caused to be electronically filed the foregoing Notice with the Clerk of the Court using the CM/ECF system and a true and correct copy was served on counsel for Plaintiff, as listed below and in the manner indicated:

*Via Electronic Filing Service and*
*Via Facsimile (956) 467-1742*
John Saenz
JOHN SAENZ & ASSOCIATES, P.C.
805 Dallas Ave.
McAllen, TX  78501

*Via Electronic Filing Service and*
*Via Facsimile (52) 474-8106*
Peter E. Ferraro
THE FERRARO LAW FIRM
1011 W. 10th St.
Austin, TX  78703

          */s/ Michael Klein*
MICHAEL KLEIN