# EXHIBIT A

Electronically Filed
3/28/2014 1:27:08 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

CAUSE NO. __C-2742-14-D__

| | | |
|---|---|---|
| SANDRA L. DI TOMMASO, ARTHUR JUAREZ, and RENE AND MARIA GUTIERREZ | §<br>§<br>§<br>§ | IN THE DISTRICT COURT |
| *PLAINTIFFS,* | §<br>§<br>§<br>§<br>§ | |
| vs. | §<br>§ | _____ JUDICIAL DISTRICT |
| STATE FARM LLOYDS, DAVID BIRDWELL, THOMAS BRESLIN, and TRUMAN DALE CREWS | §<br>§<br>§<br>§ | HIDALGO COUNTY, TEXAS |
| *DEFENDANTS* | §<br>§<br>§ | |

## PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, PLAINTIFFS, SANDRA DI TOMMASO, ARTHUR JUAREZ, and RENE AND MARIA GUTIERREZ, (hereinafter referred to as "PLAINTIFFS"), and file their Original Petition against DEFENDANTS, STATE FARM LLOYDS, DAVID BIRDWELL, THOMAS BRESLIN, and TRUMAN DALE CREWS for cause of action would respectfully show the Court the following:

### I. Discovery

Pursuant to rule 190 of the Texas Rules of Civil Procedure, PLAINTIFFS intend to conduct discovery under Level 2.

### II.

1

Electronically Filed
3/26/2014 1:27:08 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2742-14-D**

Defendant, STATE FARM LLOYDS, is an insurance company residing in the state of Texas and may be cited with process Certified Mail Return Receipt Requested at its registered agent for service from process at: Rendi Black C/O State Farm, 17301 Preston Road, Dallas, Texas 75252-5727.

Defendant, DAVID BIRDWELL, is an insurance adjusting company residing in the state of Texas and may be cited with process Certified Mail Return Receipt Requested at its principal place of business at: 105 Downwood Drive, Burleson, Texas 76028.

Defendant, THOMAS BRESLIN, is an insurance adjuster residing in the state of Texas and may be cited with process Certified Mail Return Receipt Requested at his principal place of business: 8101 Chesham Dr., Rowlett, Texas 75088-7656.

Defendant, TRUMAN DALE CREWS, is an insurance adjuster residing in the state of Texas and may be cited with process Certified Mail Return Receipt Requested at his principal place of business: 3126 FM 2972 W, Rusk, Texas 75785.

STATE FARM LLOYDS, DAVID BIRDWELL, THOMAS BRESLIN, and TRUMAN DALE CREWS are in the business of insurance in the State of Texas. The insurance business done by STATE FARM LLOYDS, DAVID BIRDWELL, THOMAS BRESLIN, and TRUMAN DALE CREWS in Texas includes, but is not limited to the following:

1. The making and issuing of contracts of insurance with the PLAINTIFFS;
2. The taking or receiving of application for insurance, including the PLAINTIFFS' applications for insurance;

2

Electronically Filed
3/28/2014 1:27:08 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2742-14-D**

3. The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the PLAINTIFFS;

4. The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the PLAINTIFFS.

5. The adjusting and inspection of PLAINTFF'S insurance claims;

6. Making insurance coverage decisions;

7. Taking part in making insurance coverage decisions; and

8. Making representations to PLAINTIFFS as being an agent for an insurance company with authority to make coverage decisions.

PLAINTIFFS are consumers of DEFENDANTS, in that PLAINTIFFS purchased insurance from said entity and/or service to be provided by it. Each Defendant is an individual corporation, association, partnership, or other legal entity engaged in the business of insurance. Such Defendants constitute persons as that term is defined in Chapter 541.002 of the Texas Insurance Code.

### III. Jurisdiction and Venue

Venue of this action is proper in HIDALGO County, Texas because: the policy at issue was issued and delivered in HIDALGO County, Texas; the properties insured are situated in HIDALGO County, Texas; PLAINTIFFS' losses occurred in HIDALGO County, Texas, and all or part of the events made the basis of this lawsuit and giving rise to PLAINTIFFS' claims and causes of action occurred in HIDALGO County, Texas.

3

Electronically Filed
3/28/2014 1:27:08 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2742-14-D**

## IV. Facts

STATE FARM LLOYDS, DAVID BIRDWELL, THOMAS BRESLIN, TRUMAN DALE CREWS, and/or its agents committed the actions alleged against PLAINTIFFS in this complaint. PLAINTIFFS own the properties located at: (**SANDRA DI TOMMASO**; 1201 Westway Ave., McAllen, Texas 78501-4037; Policy# 832090278); (**ARTHUR JUAREZ**; 2501 Emory Ave., McAllen, Texas 78504; Policy# 83-BZ-B072-4) and (**RENE AND MARIA GUTIERREZ**; 906 E. 30TH St., Mission, Texas 78574; Policy# 83BPD8414). STATE FARM LLOYDS provided insurance coverage to the PLAINTIFFS for such properties, and personal property, as described above. During the term of said policies, PLAINTIFFS sustained covered losses in the form of windstorm, hailstorm, and water damages resulting there from, including damage to the architectural finishes of the properties. PLAINTIFFS promptly reported losses to STATE FARM LLOYDS pursuant to the terms of the insurance policies. As a result, PLAINTIFFS' properties sustained damage, including the cost of destruction and restoration of the properties necessary to access and fix the damaged areas. These are covered damages under PLAINTIFFS' insurance policies with STATE FARM LLOYDS. PLAINTIFFS have been damaged in an amount in excess of the minimum jurisdictional limits of this Court, including injuries sustained as a result of having to dwell in a damaged property during the pendency of STATE FARM LLOYDS, DAVID BIRDWELL, THOMAS BRESLIN, and TRUMAN DALE CREWS'S conduct. STATE FARM LLOYDS utilizes a pattern in its business practice to deny, delay and underpay named PLAINTIFFS' claims.

Electronically Filed
3/28/2014 1:27:08 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2742-14-D**

V.  Agency and Respondeat Superior

Whenever in this petition it is alleged that the Defendants did any act or omission, it is meant that Defendant itself or their agents, officers, servants, employees, or representatives did such act or omission, and it was done with the full authorization or ratification of Defendants or done in normal routine, course and scope of the agency or employment of Defendants or their agents, officers, servants, employees, or representatives.

VI. Conditions Precedent

All notices and proofs of loss were timely and properly given to STATE FARM LLOYDS, DAVID BIRDWELL, THOMAS BRESLIN, and TRUMAN DALE CREWS in such manner as to fully comply with the terms and conditions of the relevant insurance policies or other contracts and applicable law. More than sixty days prior to the filing of this suit, written demand for payment and notice of complaint pursuant to Texas Insurance Code, section 541 and Business and Commerce Code section 17.505(a), was sent to STATE FARM LLOYDS. All of the conditions precedent to bring this suit under the insurance policies have occurred. Despite the fact that all conditions precedent to PLAINTIFFS' recovery has occurred and/ or has been performed, STATE FARM LLOYDS has failed and refused to pay PLAINTIFFS a just amount in accordance with their contractual obligations, agreements, and representations.

VII.  Breach of Contract-STATE FARM LLOYDS

PLAINTIFFS purchased insurance the above-mentioned insurance policies with STATE FARM LLOYDS. PLAINTIFFS' properties were damaged by

5

Electronically Filed
3/28/2014 1:27:08 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2742-14-D**

windstorm, hailstorm, and water damage, of which are covered under the insurance policies. STATE FARM LLOYDS has denied and/or delayed payment of PLAINTIFFS' covered claims. STATE FARM LLOYDS has no reasonable basis for denying, delaying, or failing to pay PLAINTIFFS' claims for damages. STATE FARM LLOYDS knew or should have known that there was no such reasonable basis to deny, delay, and failure to pay such claims. The conduct of STATE FARM LLOYDS was irresponsible, and unconscionable. STATE FARM LLOYDS took advantage of the PLAINTIFFS' lack of sophistication in insurance and construction matters to a grossly unfair degree. STATE FARM LLOYDS has, by its conduct, breached its contract with the PLAINTIFFS. The conduct of STATE FARM LLOYDS has proximately caused the injuries and damages to the PLAINTIFFS.

    VIII.   Second Cause of Action: DTPA Violations-STATE FARM LLOYDS

    PLAINTIFFS are consumers entitled to relief under the Texas Deceptive Trade Practices—Consumer Protection Act ("DTPA"). By its conduct outlined above, STATE FARM LLOYDS has engaged in the following violations of the DTPA which, together and separately, have been a producing cause of PLAINTIFFS' damages:

(a)    STATE FARM LLOYDS made false representations about PLAINTIFFS' rights, remedies and obligations under the policy at issue. These statements were a misrepresentation of the insurance policy and their benefits in violation of §§17.46(b)(5), (7), (12) and (14), Texas Business & Commerce Code;

(b)    STATE FARM LLOYDS actions constitute an unconscionable course of conduct entitling PLAINTIFFS to relief under §17.50(a)(1), (2), (3), and (4) of the Texas Business & Commerce Code;

6

Electronically Filed
3/28/2014 1:27:08 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2742-14-D**

(c)     STATE FARM LLOYDS failed to disclose information to PLAINTIFFS
        concerning the nature and extent of their insurance policies which was known by
        STATE FARM LLOYDS at the time for the purpose of inducing PLAINTIFFS
        into transactions which they would not have otherwise entered in violation of
        section 17.46(b)(9) and (23), Texas Business and Commerce Code;

(d)     As described above, STATE FARM LLOYDS violated Chapter 541, Texas
        Insurance Code, entitling PLAINTIFFS to relief under section 17.50(a)(4), Texas
        Business and Commerce Code.

        STATE FARM LLOYDS took advantage of PLAINTIFFS' lack of knowledge in
construction and insurance claims processes, misrepresented losses covered under the
insurance policies, and failed to disclose pertinent information regarding damages to the
PLAINTIFFS' properties. STATE FARM LLOYDS'S conduct as described herein was a
producing cause of damages to PLAINTIFFS for which they sue. The conduct of STATE
FARM LLOYDS was more than just a mistake and was done "knowingly" and/or
"intentionally" as that term is derived by statue. In addition, STATE FARM LLOYDS
has shown a pattern of delay, underpayment of claims and denial of PLAINTIFFS'
covered damages. Because of that, STATE FARM LLOYDS may be subject to liability
for additional damages under the Texas Deceptive Trade Practices Act. PLAINTIFFS
seek an award of additional damages under the DTPA in an amount not to exceed three
times the amount of economic damages.

IX.     Unfair Insurance Practices-STATE FARM LLOYDS

7

Electronically Filed
3/28/2014 1:27:08 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2742-14-D**

STATE FARM LLOYDS failed to inform PLAINTIFFS of material facts such as the true scope of damage and cost to repair. STATE FARM LLOYDS failed to properly process claims and have misrepresented material facts to the PLAINTIFFS. STATE FARM LLOYDS has failed to address all damage to the properties and its contents causing further damage to the PLAINTIFFS. Further, STATE FARM LLOYDS has intentionally failed to fully investigate the losses; failed to properly convey all information to PLAINTIFFS; and has intentionally ignored damages to the properties. PLAINTIFFS' properties suffered from covered losses and damages of which STATE FARM LLOYDS is fully aware. STATE FARM LLOYDS has concealed damage known by them to exist. STATE FARM LLOYDS has known about covered windstorm, hailstorm and water damages but have failed to perform proper testing and concealed facts from PLAINTIFFS about the damages, ignoring PLAINTIFFS' pleas for help. STATE FARM LLOYDS has failed to warn PLAINTIFFS of consequential damage to their properties.

By its conduct outlined above, STATE FARM LLOYDS committed unfair practices in the business of insurance prohibited by Chapter 541, Texas Insurance Code, and the statutes, rules and regulations incorporated therein. STATE FARM LLOYDS committed the following acts in violation of Texas Insurance Code and Texas Administrative Code:

(1)     STATE FARM LLOYDS failed to, with good faith, effectuate a prompt, fair, and equitable settlement of the PLAINTIFFS'S claims once liability became reasonable clear (Tex. Ins. Code Ann. 541.060(a)(2)(A); Tex. Ins. Code Ann. 542.003(b)(4); 28 TAC section 21.203(4));

8

Electronically Filed
3/28/2014 1:27:08 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2742-14-D**

(2)    STATE FARM LLOYDS failed to provide promptly to PLAINTIFFS a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for denial of the claim or for the offer of a compromise settlement of the claim (Tex. Ins. Code Ann. 541.060(a)(3); 28 TAC section 21.203(9));

(3)    STATE FARM LLOYDS refused to pay a claim without conducting a reasonable investigation with respect to the claims (Tex. Ins. Code Ann. 541.060(a)(7); TAC section 21.203(15));

(4)    STATE FARM LLOYDS breached its duty of good faith and fair dealing at common law;

(5)    STATE FARM LLOYDS failed within a reasonable time to affirm or deny coverage of a claim to a policyholders (Tex. Ins. Code Ann. 541.060(a)(4)(A); 28 TAC section 21.203(10));

(6)    STATE FARM LLOYDS failed to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurers policy (Tex. Ins. Code Ann. 542. 003(b)(3); 28 TAC section 21.203(3));

(7)    STATE FARM LLOYDS compelled PLAINTIFFS to institute a suit to recover an amount due under a policy by offering substantially less than the amount ultimately recovered in a suit brought by the policyholders (Tex. Ins. Code Ann. 542.003(b)(5); 28 TAC section 21.203(6);

(8)    STATE FARM LLOYDS violated the Prompt Payment of Claims Statute (28 TAC section 21.203(18));

(9)    STATE FARM LLOYDS undertook to enforce a full and final release of a claim from a policyholder when only a partial payment has been made, unless the

9

Electronically Filed
3/28/2014 1:27:08 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2742-14-D**

payment is a compromise settlement of a doubtful or disputed claim (Tex. Ins.

Code Ann. 541.060(a)(6); 28 TAC section 21.203(13));

(10)   STATE FARM LLOYDS made, issued or circulated or caused to be made, issued

or circulated an estimate, illustration, circular or statement misrepresenting with

respect to the policies issued or to be issued:

        (i)     the terms of the policy; and/or

        (ii)    the benefits or advantages promised by the policy.

(11)   STATE FARM LLOYDS made an untrue statement of material facts (Tex. Ins.

Code Ann. 541.060(a)(1); 28 TAC section 21.203(1));

(12)   STATE FARM LLOYDS failed to state a material fact necessary to make other

statements made not misleading considering the circumstances under which

statements were made; and

(13)   STATE FARM LLOYDS made statements in a manner that would mislead a

reasonably prudent person to a false conclusion of material fact.

(14)   Refusing, failing, or unreasonably delaying a settlement offer under applicable

first-party coverage on the basis that other coverage may be available or that third

parties are responsible for the damages suffered, except as may be specifically

provided in the policy (Tex. Ins. Code Ann 541.060(a)(5); 28 TAC section

21.203(11); and

(15)   Failing to respond promptly to a request by a claimant for personal contact about

or review of the claim (28 TAC section 21.203(16)).

STATE FARM LLOYDS conduct as described herein was a producing cause of

damages to PLAINTIFFS for which they sue. Pursuant to Texas Insurance Code, Chapter

10

Electronically Filed
3/28/2014 1:27:08 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2742-14-D**

541.152, PLAINTIFFS are entitled to recover an award not to exceed three times the amount of actual damages due to STATE FARM LLOYDS'S knowing conduct.

X.    Breach of the Duty of Good Faith and Fair Dealing-STATE FARM LLOYDS

From and after the time the PLAINTIFFS' claims were presented to STATE FARM LLOYDS, liability to pay the claims in accordance with the terms of insurance policies referenced above has been reasonably clear. Despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny and/or delay payment for PLAINTIFFS' claims, STATE FARM LLOYDS refused to accept the claims in totality and pay the PLAINTIFFS as the policies required. At that time, STATE FARM LLOYDS knew or should have known by the exercise of reasonable diligence that their liability was reasonably clear. STATE FARM LLOYDS failed to conduct a reasonable and proper inspection of the claims and refused to rely on the true facts, resorting instead to producing faulty, incomplete and biased reasons to avoid paying valid claims. This constitutes failing to handle or process PLAINTIFFS' claims in good faith, an affirmative duty placed on the Defendants, as expressly stated by the Texas Supreme Court in *Vail v. Texas Farm Bureau*, 754 S.W.2d 129 at 135 (Tex. 1988). Through the actions described above, STATE FARM LLOYDS breached its duty to deal fairly and in good faith with the PLAINTIFFS. STATE FARM LLOYDS breach was a proximate cause of the losses, expenses and damages suffered by the PLAINTIFFS for which they sue.

XI.    Texas Insurance Code 542, Subchapter B Delay in Payment-STATE FARM LLOYDS

11

Electronically Filed
3/28/2014 1:27:08 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2742-14-D**

PLAINTIFFS gave prompt notice of claims to STATE FARM LLOYDS. STATE FARM LLOYDS has engaged in unfair settlement claims practices as discussed above and denied and/or have delayed payment on PLAINTIFFS' claims. STATE FARM LLOYDS reliance on reports and estimates from its adjusters and investigating adjusters has been "merely pretextual" and unreasonable. STATE FARM LLOYDS investigation and use of adjusters' reports was an "outcome oriented investigation". PLAINTIFFS allege that STATE FARM LLOYDS has overused DAVID BIRDWELL, THOMAS BRESLIN and TRUMAN DALE CREWS and dispute the reliability of their investigative findings. STATE FARM LLOYDS failed to comply with the requirements of Chapter 542 listed herein:

(a)     Failing to notify PLAINTIFFS in writing, within 15 business days after receiving all of the items, statements, and forms required by the insurer to secure final proof of loss, of the acceptance or rejection of a claim; and/or

(b)     Failing to pay PLAINTIFFS' claim within 60 days of receiving all of the items, statements, and forms required by the insurer to secure final proof of loss, of the acceptance or rejection of a claim; and

(c)     Failing to request all of the items, statements and forms the Defendant reasonably believed at the time would be required from PLAINTIFFS to pay the claim within 15 days after receiving notice of the claim.

Pursuant to Texas Insurance Code Chapter 542, Subchapter B, PLAINTIFFS are entitled to recover from STATE FARM LLOYDS the statutory penalty of 18% per

12

Electronically Filed
3/28/2014 1:27:08 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2742-14-D**

annum on all amounts due on PLAINTIFFS' claims, together with attorney's fees, for which they sue.

### XII. Allegations Against DAVID BIRDWELL

PLAINTIFF, SANDRA DI TOMMASO, is a consumer entitled to relief under the Texas Deceptive Trade Practices—Consumer Protection Act ("DTPA"). DAVID BIRDWELL is a "person" subject to the insurance code by its conduct outlined, DAVID BIRDWELL has engaged in the following violations of the DTPA which, together and separately, have been a producing cause of PLAINTIFF'S, SANDRA DI TOMMASO, damages:

(a)     DAVID BIRDWELL made false representations about PLAINTIFF'S, SANDRA DI TOMMASO, rights, remedies and obligations under the policy at issue. These statements were a misrepresentation of the insurance policy and their benefits in violation of §§17.46(b)(5), (7), (12) and (14), Texas Business & Commerce Code;

(b)     DAVID BIRDWELL actions constitute an unconscionable course of conduct entitling PLAINTIFF, SANDRA DI TOMMASO, to relief under §17.50(a)(1), (2), (3), and (4) of the Texas Business & Commerce Code;

(c)     As described above, DAVID BIRDWELL violated Chapter 541.060, Texas Insurance Code, entitling PLAINTIFF, SANDRA DI TOMMASO, to relief under section 17.50(a)(4), Texas Business and Commerce Code.

DAVID BIRDWELL took advantage of PLAINTIFF'S, SANDRA DI TOMMASO, lack of knowledge in construction and insurance claims processes, misrepresented losses covered under the insurance policy, and failed to disclose pertinent

13

Case 7:15-cv-00274   Document 1-1   Filed in TXSD on 06/19/15   Page 15 of 29

Electronically Filed
3/28/2014 1:27:08 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2742-14-D**

information regarding damages to PLAINTIFF'S, SANDRA DI TOMMASO, property.
DAVID BIRDWELL conduct as described herein was a producing cause of damages to
PLAINTIFF, SANDRA DI TOMMASO, for which she sues. The conduct of DAVID
BIRDWELL was more than just a mistake and was done "knowingly" and/or
"intentionally" as that term is derived by statue. Because of that, DAVID BIRDWELL
may be subject to liability for additional damages under the Texas Deceptive Trade
Practices Act. PLAINTIFF, SANDRA DI TOMMASO, seeks an award of additional
damages under the DTPA in an amount not to exceed three times the amount of
economic damages.

DAVID BIRDWELL inspected PLAINTIFF'S, SANDRA DI TOMMASO,
property but failed to inform PLAINTIFF, SANDRA DI TOMMASO, of material facts
such as the true scope of damage and cost to repair to areas of PLAINTIFF'S, SANDRA
DI TOMMASO, property including but not limited to the roof, interior walls, trim, and
windows. DAVID BIRDWELL failed to properly process claims and has misrepresented
material facts to PLAINTIFF, SANDRA DI TOMMASO. DAVID BIRDWELL has
failed to address all damage to the property and its contents causing further damage to
PLAINTIFF, SANDRA DI TOMMASO. Further, DAVID BIRDWELL has intentionally
failed to fully investigate the loss and neglected damaged areas; failed to properly convey
all information to PLAINTIFF, SANDRA DI TOMMASO; and has intentionally ignored
damages to the property. PLAINTIFF'S, SANDRA DI TOMMASO, property suffered
from covered losses and damages of which DAVID BIRDWELL is fully aware. DAVID
BIRDWELL concealed damage known by it to exist. DAVID BIRDWELL has known
about covered windstorm, hailstorm and water damages but have failed to perform proper

14

Electronically Filed
3/28/2014 1:27:08 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2742-14-D**

testing and concealed facts from PLAINTIFF, SANDRA DI TOMMASO, about the damages, ignoring PLAINTIFF'S, SANDRA DI TOMMASO, and pleas for help. DAVID BIRDWELL has failed to warn PLAINTIFF, SANDRA DI TOMMASO, of consequential damage to her property. DAVID BIRDWELL failed to reasonably investigate and perform testing at PLAINTIFF'S, SANDRA DI TOMMASO, property.

By its conduct outlined above, DAVID BIRDWELL committed unfair practices in the business of insurance prohibited by Chapter 541, Texas Insurance Code, and the statutes, rules and regulations incorporated therein. DAVID BIRDWELL committed the following acts in violation of Texas Insurance Code and Texas Administrative Code:

(1)  DAVID BIRDWELL made, issued or circulated or caused to be made, issued or circulated an estimate, illustration, circular or statement misrepresenting with respect to the policies issued or to be issued:

      (i)  the terms of the policy; and/or

      (ii)  the benefits or advantages promised by the policy.

(2)  DAVID BIRDWELL made untrue statement of material facts as to the extent of PLAINTIFF'S, SANDRA DI TOMMASO, damages. DAVID BIRDWELL in addition made untrue statements of material facts as to the windstorm, hailstorm, and water coverage provisions of PLAINTIFF'S, SANDRA DI TOMMASO, insurance policy and how it applied to their claims. (Tex. Ins. Code Ann. 541.060(a)(1); 28 TAC section 21.203(1));

(3)  DAVID BIRDWELL failed to state a material fact necessary to make other statements made not misleading considering the circumstances under which statements were made; and

15

Electronically Filed
3/28/2014 1:27:08 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2742-14-D**

(4)     DAVID BIRDWELL made statements in a manner that would mislead a

reasonably prudent person to a false conclusion of material fact.

(5)     Failing to respond promptly to a request by a claimant for personal contact about

or review of the claim (28 TAC section 21.203(16)).

DAVID BIRDWELL'S conduct as described herein was a producing cause of

damages to PLAINTIFF'S, SANDRA DI TOMMASO, for which she sues. Pursuant to

Texas Insurance Code, Chapter 541.152, PLAINTIFF, SANDRA DI TOMMASO, is

entitled to recover an award not to exceed three times the amount of actual damages due

to DAVID BIRDWELL'S knowing conduct.

XIII.   Allegations Against THOMAS BRESLIN

PLAINTIFF, ARTHUR JUAREZ, is a consumer entitled to relief under the Texas

Deceptive Trade Practices—Consumer Protection Act ("DTPA"). By its conduct outlined

above, THOMAS BRESLIN has engaged in the following violations of the DTPA

which, together and separately, have been a producing cause of PLAINTIFF'S,

ARTHUR JUAREZ, damages:

(a)     THOMAS BRESLIN made false representations about PLAINTIFF'S,

ARTHUR JUAREZ, rights, remedies and obligations under the policy at issue.

These statements were a misrepresentation of the insurance policy and their

benefits in violation of §§17.46(b)(5), (7), (12) and (14), Texas Business &

Commerce Code;

Electronically Filed
3/28/2014 1:27:08 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2742-14-D**

(b)     THOMAS BRESLIN  actions constitute an unconscionable course of conduct

        entitling PLAINTIFF, ARTHUR JUAREZ, to relief under §17.50(a)(1), (2), (3),

        and (4) of the Texas Business & Commerce Code;

(c)     As described above, THOMAS BRESLIN  violated Chapter 541, Texas Insurance

        Code, entitling PLAINTIFF, ARTHUR JUAREZ to relief under section

        17.50(a)(4), Texas Business and Commerce Code.

        THOMAS BRESLIN  took advantage of PLAINTIFF, ARTHUR JUAREZ, lack

of knowledge in construction and insurance claims processes, misrepresented losses

covered under the insurance policy and failed to disclose pertinent information regarding

damages to PLAINTIFF'S, ARTHUR JUAREZ, property. THOMAS BRESLIN'S

conduct as described herein was a producing cause of damages to PLAINTIFF,

ARTHUR JUAREZ for which she sues. The conduct of the THOMAS BRESLIN was

more than just a mistake and was done "knowingly" and/or "intentionally" as that term is

derived by statue. Because of that, THOMAS BRESLIN may be subject to liability for

additional damages under the Texas Deceptive Trade Practices Act.   PLAINTIFF,

ARTHUR JUAREZ, seeks an award of additional damages under the DTPA in an

amount not to exceed three times the amount of economic damages.

        THOMAS BRESLIN failed to inform PLAINTIFF, ARTHUR JUAREZ, of

material facts such as the true scope of damage and cost to repair. THOMAS BRESLIN

failed to properly process claims and have misrepresented material facts to the

PLAINTIFF, ARTHUR JUAREZ. THOMAS BRESLIN has failed to address all damage

to the property and its contents causing further damage to the PLAINTIFF, ARTHUR

JUAREZ. Further, THOMAS BRESLIN has intentionally failed to fully investigate the

17

Electronically Filed
3/28/2014 1:27:08 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2742-14-D**

loss; failed to properly convey all information to the PLAINTIFF, ARTHUR JUAREZ;
and has intentionally ignored damages to the dwelling. THOMAS BRESLIN failed to
reasonably investigate the loss and perform testing to determine the full scope of loss.
PLAINTIFFS', ARTHUR JUAREZ, property suffered from covered losses and damages
of which THOMAS BRESLIN is fully aware. THOMAS BRESLIN has concealed
damage known by him to exist. THOMAS BRESLIN has known about covered
windstorm, hailstorm and water damages but have failed to perform proper testing and
concealed facts from PLAINTIFF, ARTHUR JUAREZ, about the damages, ignoring
PLAINTIFF'S pleas for help. THOMAS BRESLIN has failed to warn PLAINTIFF,
ARTHUR JUAREZ, of consequential damage to her property.

By its conduct outlined above, THOMAS BRESLIN committed unfair practices
in the business of insurance prohibited by Chapter 541, Texas Insurance Code, and the
statutes, rules and regulations incorporated therein. THOMAS BRESLIN committed the
following acts in violation of Texas Insurance Code and Texas Administrative Code:

> (1)  THOMAS BRESLIN made, issued or circulated or caused to be made,
> issued or circulated an estimate, illustration, circular or statement
> misrepresenting with respect to the policy issued or to be issued:
>
> > (i)  the terms of the policy; and/or
> >
> > (ii)  the benefits or advantages promised by the policy.
>
> (b)  THOMAS BRESLIN made an untrue statement of material facts as to the
> extent of PLAINTIFF'S, ARTHUR JUAREZ, damages. THOMAS
> BRESLIN in addition made untrue statements of material facts as to the
> windstorm, hailstorm, and water coverage provisions of PLAINTIFF'S,

18

Electronically Filed
3/28/2014 1:27:08 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2742-14-D**

ARTHUR JUAREZ, insurance policy. (Tex. Ins. Code Ann.

541.060(a)(1); 28 TAC section 21.203(1));

(c)     THOMAS BRESLIN failed to state a material fact necessary to make

other statements made not misleading considering the circumstances under

which statements were made; and

(d)     THOMAS BRESLIN made statements in a manner that would mislead a

reasonably prudent person to a false conclusion of material fact.

(e)     Refusing, failing, or unreasonably delaying a settlement offer under

applicable first-party coverage on the basis that other coverage may be

available or that third parties are responsible for the damages suffered,

except as may be specifically provided in the policy (Tex. Ins. Code Ann

541.060(a)(5); 28 TAC section 21.203(11); and

(f)     Failing to respond promptly to a request by a claimant for personal contact

about or review of the claim (28 TAC section 21.203(16)).

THOMAS BRESLIN'S conduct as described herein was a producing cause of

damages to PLAINTIFF, ARTHUR JUAREZ, for which she sues. Pursuant to Texas

Insurance Code, Chapter 541.152, PLAINTIFF, ARTHUR JUAREZ, is entitled to

recover an award not to exceed three times the amount of actual damages due to

THOMAS BRESLIN'S knowing conduct.

XIV.    Allegations Against TRUMAN DALE CREWS

PLAINTIFF, RENE AND MARIA GUTIERREZ, is a consumer entitled to relief

under the Texas Deceptive Trade Practices—Consumer Protection Act ("DTPA"). By its

19

Electronically Filed
3/28/2014 1:27:08 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2742-14-D**

conduct outlined above, TRUMAN DALE CREWS has engaged in the following violations of the DTPA which, together and separately, have been a producing cause of PLAINTIFF'S, RENE AND MARIA GUTIERREZ, damages:

(a)   TRUMAN DALE CREWS made false representations about PLAINTIFF'S, RENE AND MARIA GUTIERREZ, rights, remedies and obligations under the policy at issue. These statements were a misrepresentation of the insurance policy and their benefits in violation of §§17.46(b)(5), (7), (12) and (14), Texas Business & Commerce Code;

(b)   TRUMAN DALE CREWS actions constitute an unconscionable course of conduct entitling PLAINTIFF, RENE AND MARIA GUTIERREZ, to relief under §17.50(a)(1), (2), (3), and (4) of the Texas Business & Commerce Code;

(c)   As described above, TRUMAN DALE CREWS violated Chapter 541, Texas Insurance Code, entitling PLAINTIFF, RENE AND MARIA GUTIERREZ to relief under section 17.50(a)(4), Texas Business and Commerce Code.

TRUMAN DALE CREWS     took advantage of PLAINTIFF, RENE AND MARIA GUTIERREZ, lack of knowledge in construction and insurance claims processes, misrepresented losses covered under the insurance policy and failed to disclose pertinent information regarding damages to PLAINTIFF's, RENE AND MARIA GUTIERREZ, property. TRUMAN DALE CREWS 'S conduct as described herein was a producing cause of damages to PLAINTIFF, RENE AND MARIA GUTIERREZ for which it sues. The conduct of the TRUMAN DALE CREWS was more than just a mistake and was done "knowingly" and/or "intentionally" as that term is derived by statue. Because of that, TRUMAN DALE CREWS may be subject to liability for

20

Electronically Filed
3/28/2014 1:27:08 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-2742-14-D

additional damages under the Texas Deceptive Trade Practices Act. PLAINTIFF, RENE AND MARIA GUTIERREZ, seeks an award of additional damages under the DTPA in an amount not to exceed three times the amount of economic damages.

TRUMAN DALE CREWS failed to inform PLAINTIFF, RENE AND MARIA GUTIERREZ, of material facts such as the true scope of damage and cost to repair. TRUMAN DALE CREWS failed to properly process claims and have misrepresented material facts to the PLAINTIFF, RENE AND MARIA GUTIERREZ. TRUMAN DALE CREWS has failed to address all damage to the property and its contents causing further damage to the PLAINTIFF, RENE AND MARIA GUTIERREZ. Further, TRUMAN DALE CREWS has intentionally failed to fully investigate the loss; failed to properly convey all information to the PLAINTIFF, RENE AND MARIA GUTIERREZ; and has intentionally ignored damages to the property. TRUMAN DALE CREWS failed to reasonably investigate the loss and perform testing to determine the full scope of loss. PLAINTIFF'S, RENE AND MARIA GUTIERREZ, property suffered from covered losses and damages of which TRUMAN DALE CREWS is fully aware. TRUMAN DALE CREWS has concealed damage known by him to exist. TRUMAN DALE CREWS has known about covered windstorm, hailstorm and water damages but have failed to perform proper testing and concealed facts from PLAINTIFF, RENE AND MARIA GUTIERREZ, about the damages, ignoring PLAINTIFF'S, RENE AND MARIA GUTIERREZ, pleas for help. TRUMAN DALE CREWS has failed to warn PLAINTIFF, RENE AND MARIA GUTIERREZ, of consequential damage to its property.

Electronically Filed
3/28/2014 1:27:08 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2742-14-D**

By its conduct outlined above, TRUMAN DALE CREWS committed unfair practices in the business of insurance prohibited by Chapter 541, Texas Insurance Code, and the statutes, rules and regulations incorporated therein. TRUMAN DALE CREWS committed the following acts in violation of Texas Insurance Code and Texas Administrative Code:

(1)     TRUMAN DALE CREWS made, issued or circulated or caused to be made, issued or circulated an estimate, illustration, circular or statement misrepresenting with respect to the policy issued or to be issued:

   (i)     the terms of the policy; and/or

   (ii)    the benefits or advantages promised by the policy.

(b)     TRUMAN DALE CREWS made an untrue statement of material facts as to the extent of PLAINTIFF'S, RENE AND MARIA GUTIERREZ, damages. TRUMAN DALE CREWS in addition made untrue statements of material facts as to the windstorm, hailstorm, and water coverage provisions of PLAINTIFF'S, RENE AND MARIA GUTIERREZ, insurance policy. (Tex. Ins. Code Ann. 541.060(a)(1); 28 TAC section 21.203(1));

(c)     TRUMAN DALE CREWS failed to state a material fact necessary to make other statements made not misleading considering the circumstances under which statements were made; and

(d)     TRUMAN DALE CREWS made statements in a manner that would mislead a reasonably prudent person to a false conclusion of material fact.

Electronically Filed
3/26/2014 1:27:08 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2742-14-D**

(e)    Refusing, failing, or unreasonably delaying a settlement offer under
       applicable first-party coverage on the basis that other coverage may be
       available or that third parties are responsible for the damages suffered,
       except as may be specifically provided in the policy (Tex. Ins. Code Ann
       541.060(a)(5); 28 TAC section 21.203(11); and

(f)    Failing to respond promptly to a request by a claimant for personal contact
       about or review of the claim (28 TAC section 21.203(16)).

TRUMAN DALE CREWS'S conduct as described herein was a producing cause
of damages to PLAINTIFF, RENE AND MARIA GUTIERREZ, for which she sues.
Pursuant to Texas Insurance Code, Chapter 541.152, PLAINTIFF, RENE AND MARIA
GUTIERREZ, is entitled to recover an award not to exceed three times the amount of
actual damages due to TRUMAN DALE CREWS'S knowing conduct.

XV.    Conspiracy and Fraud

In addition, PLAINTIFFS allege that STATE FARM LLOYDS, DAVID
BIRDWELL, THOMAS BRESLIN, and TRUMAN DALE CREWS have engaged in a
concerted effort, and/or conspiracy to defraud PLAINTIFFS of payment due under the
insurance policies STATE FARM LLOYDS failed to properly process PLAINTIFFS'
claims, failed to address all damage to the home and its contents, intentionally failed to
fully investigate PLAINTIFFS' losses, failed to properly convey all information to
PLAINTIFFS, concealed damages known to exist, failed to properly perform testing,
failed to warn PLAINTIFFS of consequential damages to the home, took advantage of
PLAINTIFFS' lack of knowledge in construction, repairs, and insurance claims
processing, denied, delayed and/or assisted in the denial or delay for payment of covered

23

Electronically Filed
3/28/2014 1:27:08 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2742-14-D**

insurance claims, misrepresented and/or assistance in the misrepresentation of insurance policy terms; and misrepresented and/ or assisted in the misrepresentation of the amount and extent of damages to PLAINTIFFS' properties.

THOMAS BRESLIN has acted to misrepresent to PLAINTIFF, ARTHUR JUAREZ, the extent of damages to PLAINTIFF, ARTHUR JUAREZ property along with said actions above, knowing them to be false or making them recklessly without regard to whether it is true or false, intending PLAINTIFF, ARTHUR JUAREZ, to rely on such misrepresentations to PLAINTIFF'S, ARTHUR JUAREZ, damage and denial/delay of insurance claim payments, intentionally failed to fully investigate PLAINTIFF'S, ARTHUR JUAREZ, losses including but not limited to the roof, interior walls, windows, and exterior, failed to properly perform testing to PLAINTIFF'S, ARTHUR JUAREZ, structure, and misrepresented terms of the insurance policy and coverage related to windstorm, hailstorm, and water damage under the insurance policy.

DAVID BIRDWELL has acted to misrepresent to PLAINTIFF, SANDRA DI TOMMASO, the extent of damages to PLAINTIFF'S, SANDRA DI TOMMASO property along with said actions above, knowing them to be false or making them recklessly without regard to whether it is true or false, intending PLAINTIFF, SANDRA DI TOMMASO, to rely on such misrepresentations to PLAINTIFF'S, SANDRA DI TOMMASO, damage and denial/delay of insurance claim payments, intentionally failed to fully investigate PLAINTIFF'S, SANDRA DI TOMMASO, losses including but not limited to the roof, interior walls, windows, and exterior, failed to properly perform testing to PLAINTIFFS' structure, and misrepresented terms of the insurance policy and coverage related to windstorm, hailstorm, and water damage under the insurance policy.

24

Electronically Filed
3/28/2014 1:27:08 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2742-14-D**

TRUMAN DALE CREWS has acted to misrepresent to PLAINTIFFS, RENE AND MARIA GUTIERREZ, the extent of damages to PLAINTIFFS, RENE AND MARIA GUTIERREZ, property along with said actions above, knowing them to be false or making them recklessly without regard to whether it is true or false, intending PLAINTIFFS, RENE AND MARIA GUTIERREZ, to rely on such misrepresentations to PLAINTIFFS', RENE AND MARIA GUTIERREZ, damage and denial/delay of insurance claim payments, intentionally failed to fully investigate PLAINTIFFS', RENE AND MARIA GUTIERREZ, losses including but not limited to the roof, interior walls, windows, and exterior, failed to properly perform testing to PLAINTIFFS', RENE AND MARIA GUTIERREZ, structure, and misrepresented terms of the insurance policy and coverage related to windstorm, hailstorm, and water damage under the insurance policy.

## XVI.

PLAINTIFFS allege that as to any terms, conditions, notices, or requests under the insurance contracts, PLAINTIFFS have substantially complied and/or are excused. In the alternative, PLAINTIFFS make the allegation of waiver and/or estoppel as to every defense or exclusion plead by STATE FARM LLOYDS, DAVID BIRDWELL, THOMAS BRESLIN, and TRUMAN DALE CREWS. As to any exclusion, condition, or defense pled by STATE FARM LLOYDS, PLAINTIFFS would show that:

1.  The clear and unambiguous language of the policies provide coverage for properties damage caused by hail, windstorm and water damage, including the cost of access to fix the damaged areas. Any other construction of the language of the policies is void as against public policy;

25

Electronically Filed
3/28/2014 1:27:08 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2742-14-D**

2.     Any other construction and its use by STATE FARM LLOYDS violates section 541 and 542 of the Texas Insurance Code and are void as against public policy;

3.     Any other construction violates Art. 17.50 of the Texas Business and Commerce Code, is unconscionable, was procured by fraudulent inducement, and is void as against public policy;

4.     Any other construction is otherwise void as against public policy, illegal, and volatiles state law and administrative rule and regulation;

5.     The adoption of any other construction constitutes wrongful or bad faith cancellation and/or refusal to renew a portion of PLAINTIFFS' predecessor policy with STATE FARM LLOYDS. In this regard, PLAINTIFFS would show that his insurance policies were renewed uninterrupted for many years; and

6.     The adoption of any other construction constitutes conduct in violation of the laws of this state, including section 541 and 542 of Texas Insurance Code is void as against public policy.

If this Court finds any ambiguity in the policies, the rules of construction of such policy mandate the construction and interpretation urged by PLAINTIFFS. In the alternative, STATE FARM LLOYDS is judicially, administratively, or equitably estopped from denying PLAINTIFFS' construction of the policies coverage at issue. To the extent that the wording of such policies does not reflect the true intent of all parties thereto, PLAINTIFFS plead the doctrine of mutual mistake requiring reformation.

XVII.

26

Electronically Filed
3/28/2014 1:27:08 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2742-14-D**

Pursuant to Rule 216 of the Texas Rules of Civil Procedure, PLAINTIFFS herein requests a jury trial and along with the filing of the Original Petition have tendered to the Clerk of the Court the statutory jury fee.

## XVIII.

WHEREFORE, PREMISES CONSIDERED, PLAINTIFFS respectfully request this Honorable Court for the following relief: That upon final hearing and trial hereof, this Honorable Court grant to the PLAINTIFFS such relief as to which they may show themselves justly entitled, either at law or in equity; either general or special, including declaratory judgment, judgment against the DEFENDANTS for actual attorney's fees, cost of suit, mental anguish, statutory penalties, and prejudgment and post judgment interest, including judgment for additional damages and punitive damage under the facts set forth in this or any amended pleading.

## XIX.    REQUEST FOR DISCLOSURE

Under Texas Rule of Civil Procedure 194, PLAINTIFFS request that STATE FARM LLOYDS, DAVID BIRDWELL, THOMAS BRESLIN, and TRUMAN DALE CREWS disclose, within 50 days of the service of this request, the information or material described in Texas Rule of Civil Procedure 194.

Respectfully submitted,

JOHN SAENZ & ASSOCIATES, P.C.
805 Dallas Ave.
McAllen, Texas 78501
Telephone: (956) 467-0111

27

Electronically Filed
3/28/2014 1:27:08 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2742-14-D**

Facsimile: (956) 467-1742

_____
JOHN SAENZ
State Bar# 24038046
ATTORNEY FOR PLAINTIFFS

28